AO 91 (Rev. 11/11)  Criminal Complaint  (K. Nair authorizing)   C&W # 17-100

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Angel Luis Concepcion-Rosario | ) | Case No. 17-1348-M |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 17, 2017__ in the county of __Lehigh and Berks__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

*Code Section* — *Offense Description*

Title 21, United States Code Section 841(a)(1),(b)(1)(B).

On June 17, 2017, in Lehigh and Berks Counties, in the Eastern District of Pennsylvania, defendant Angel Luis Concepcion-Rosario knowingly and intentionally possessed with intent to distribute 40 grams or more, that is approximately 199 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B).

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

Joshua Romig, Special Agent, DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 10/05/2017

_Judge's signature_

City and state: Allentown, PA   The Hon. Henry S. Perkin, U.S. Magistrate Judge
_Printed name and title_

## **AFFIDAVIT**

I, Joshua B. Romig, having been duly sworn, depose and state the following:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the DEA Philadelphia Division, Allentown Resident Office, which is composed of Special Agents and local law enforcement officers investigating narcotics trafficking. Prior to that, beginning in August 1999, I was a law enforcement officer specializing in narcotics-trafficking cases, in both Baltimore, Maryland and Reading, Pennsylvania.

2. As a part of my official duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 848, 853, and 860. I have received special training in the enforcement of laws concerning controlled substances and narcotics trafficking organizations.

3. Based on my training and experience, I am familiar with the ways in which drug dealers conduct their drug-related business, including, but not limited to their (a) methods of distributing narcotics; (b) methods of distributing drug proceeds; (c) use of telephone communication devices; (d) use of numerical codes and code words to identify themselves, the nature of the communication and to conduct their drug-related transactions; and (e) common practice of registering for and obtaining these communication devices under false names, or names of relatives and/or friends to avoid financial responsibilities and tracking of criminal activities by law enforcement entities.

4. I am personally involved in the investigation described below and have been assigned to assist in this investigation since its inception in December 2016. I have had numerous discussions with other DEA Special Agents, Pennsylvania State Troopers and

1

Pennsylvania State Attorney General's Agents who have participated in this investigation since its inception.

### *Probable Cause to Arrest*

**June 17, 2017 seizure of approximately 200 grams of fentanyl from Concepcion-Rosario**

5. On June 17, 2017, agents established surveillance of a residence in the 900 block of Wyoming Street, Allentown. At approximately 10:30 a.m., DEA agents/officers observed a vehicle registered to Angel Luis Concepcion-Rosario at an address in Reading, PA, arrive at 9xx Wyoming Street, Allentown. Surveillance agents saw Concepcion-Rosario meet briefly with a person (hereinafter "Person #1"), who carried a weighted grocery bag to the meeting. Agents/officers observed Concepcion-Rosario put the hood up on his vehicle. They met briefly, Person #1 went back to his residence without the weighted grocery bag, and Concepcion-Rosario left in his vehicle.

6. PSP Trooper Daniel Reed, who is assigned to the K-9 unit, observed Concepcion-Rosario's vehicle cross the yellow line multiple times and he stopped the vehicle while it was traveling on Route 222 towards Reading, PA. Trooper Reed conducted a roadside interview with Concepcion-Rosario, who was the vehicle's driver and lone occupant. During the roadside interview, Concepcion-Rosario gave written consent to Trooper Reed allowing him to search the vehicle. Trooper Reed returned to his marked police vehicle and obtained his K9, Edo, to assist in the search of the vehicle.

7. Trooper Reed utilized K9 Edo to conduct an initial exterior sniff of the vehicle. Trooper Reed observed K9 Edo give a positive indication for the presence of drugs or drug-laden money at the hood of the vehicle. Trooper Reed was able to access the release for the hood and

2

K9 Edo continued to give a positive indication for the presence of drugs or drug laden money in the area of the hood of the vehicle. Trooper Reed then conducted a thorough search of the engine compartment and located a plastic grocery bag in the housing unit for the vehicle's air filter. Trooper Reed removed the bag from the air filter compartment and found it contained a brownish powder, which Trooper Reed believes to be heroin. Your affiant conducted a preliminary field test of a sample taken from the suspected heroin and I observed a positive result for the presence of heroin (agents later learned that the suspected heroin was in fact fentanyl).

8. Trooper Reed processed Concepcion-Rosario as a PA State arrest and he was committed to Berks County Prison in lieu of $75,000 bail and a PA State Parole detainer. Concepcion-Rosario possessed two phones following his arrest.

9. Trooper Reed verbally advised Concepcion-Rosario of his Miranda Warnings in English, and then had a Spanish speaking PSP Trooper advise him of his Miranda Warnings in writing. SA Romig observed both sets of Miranda Warnings. Concepcion-Rosario agreed to waive his Miranda rights and admitted the drugs were his, but would not cooperate further by providing information regarding his drug trafficking activities or from whom he had obtained the heroin (.

10. DEA agents/officers submitted the suspected heroin to the DEA Mid-Atlantic Laboratory (MAL) for further analysis and on June 30, 2017, your affiant received the following information; the drug exhibit described above weighed 199.57 grams and contained fentanyl (N-Phenyl-N-(1-(2-Phenylethyl)-4-Piperidinyl)Propanamide).

## *Conclusion*

11. Based on the information above, I have concluded there is probable cause to

3

believe that Angel Luis Concepcion-Rosario conspired and agreed with others known and unknown, to knowingly and intentionally distribute 40 grams or more, that is approximately 199 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in and around Lehigh and Berks Counties, in the Eastern District of Pennsylvania, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

_____
Joshua B. Romig
Special Agent
Drug Enforcement Administration

Subscribed to and sworn before
me this ___5th___ day of October, 2017

_____
HONORABLE HENRY S. PERKIN
United States Magistrate Judge

4