**UNITED STATES DISTRICT COURT**
**EASTEN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 5:18-cr-00181 |
| v. | : | |
| ANGEL LUIS CONCEPCION-ROSARIO, Defendant. | : | |

**OPINION**
**Defendant's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 134 – Denied**

**Joseph F. Leeson, Jr.** **October 21, 2026**
**United States District Judge**

## I. INTRODUCTION

A jury convicted Angel Luis Concepcion-Rosario of possession with intent to distribute forty grams or more of a substance containing a detectable amount of fentanyl and aiding and abetting the possession with intent to distribute forty grams or more of a substance containing a detectable amount of fentanyl. Concepcion-Rosario filed an appeal of his conviction to the United States Court of Appeals for the Third Circuit, which affirmed his conviction. Concepcion-Rosario now files a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("the 2255 Motion"), alleging ineffective assistance of both his pretrial/trial counsel and his sentencing counsel. For the following reasons, the Court denies the 2255 Motion.

## II. BACKGROUND

### A. Procedural History

On October 5, 2017, Angel Luis Concepcion-Rosario was charged by criminal complaint of possession with intent to distribute forty grams or more, approximately 199 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled

substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). *See* ECF No. 1. The Third Circuit summarized the facts as follows:

> In 2017, [Drug Enforcement Administration ("DEA")] agents learned that a large drug deal was about to happen in Allentown, Pennsylvania. Based on this information, they set up surveillance at a known stash house. Once there, they saw a man pick up what looked like a package of drugs and followed him home. The next morning, Concepcion-Rosario showed up at the man's house and picked up a white grocery bag.
>
> After the handoff, the DEA asked a state trooper to pull Concepcion-Rosario over. When the trooper tracked him down, he saw him swerve between lanes and noticed that his license plate was slightly obscured. Based on these traffic violations, the trooper pulled him over. During the stop, Concepcion-Rosario signed a consent-to-search form and let the trooper search his car. The trooper found a package of fentanyl inside and arrested him. At the police station, he waived his *Miranda* rights and admitted that the drugs were his.

*United States v. Concepcion-Rosario*, No. 22-3082, 2024 WL 2355422, at *1 (3d Cir. May 23, 2024).[1]

Concepcion-Rosario was arrested on October 10, 2017. On the same day, Concepcion-Rosario appeared before the Honorable Henry S. Perkin, United States Magistrate Judge for his initial appearance, a probable cause hearing, and a detention hearing. *See* ECF No. 5. Also on October 10, Magistrate Judge Perkin appointed Glennis Clark (hereinafter referred to as "Attorney Clark") as Concepcion-Rosario's counsel. *See* ECF No. 4. Government counsel filed a sealed motion for a protective order relating to discovery on December 4, 2017, which Judge Perkin granted the same day. *See* ECF Nos. 9–10.

On May 2, 2018, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Concepcion-Rosario with one count of possession with intent to distribute forty grams or more (approximately 199 grams in this case) of a mixture and substance

---

[1] The facts are more fulsomely detailed in the Motion to Suppress Opinion. *See* Mot. to Suppress Op., ECF No. 58.

containing a detectable amount of fentanyl under 21 U.S.C. § 841(a)(1), (b)(1)(B) and aiding and abetting the possession with intent to distribute such a mixture under 18 U.S.C. § 2. *See* ECF No. 17. Concepcion-Rosario appeared before Magistrate Judge Perkin on May 15, 2018, for an initial appearance and arraignment. *See* ECF Nos. 18–19.

The Government filed a *Starks* motion (also titled motion to admit audio recording) under seal on June 27, 2018, seeking to admit an audio recording between Concepcion-Rosario's co-defendant and others. *See* ECF Nos. 26–28. The Court granted the Government's motion to admit the audio recording on November 27, 2018. *See* ECF No. 55.

Concepcion-Rosario filed an omnibus pretrial motion, consisting of a motion to suppress and an opposition to admitting the audio tape recordings (a response to the Government's *Starks* motion) on July 24, 2018. *See* Mot. to Suppress, ECF No. 33; *see also* Mem. ECF No. 33-1. He sought to suppress drugs and cell phones found in his vehicle, alleging that his vehicle was illegally searched and the evidence procured from the search illegally seized because the officers did not have reasonable suspicion to stop the vehicle. *See generally* Mem. 2–4. He also sought to suppress his admission that the drugs belonged to him as obtained in violation of his *Miranda* rights. *See id.* at 4–5. He also objected to the admission of the Government's tape recordings. *See id.* at 6–7. The Court held a hearing on the motion to suppress on October 11, 2018. *See* ECF No. 36; *see also* Tr. 10/11/2018, ECF No. 40 (the transcript for the suppression hearing). The Court denied the motion to suppress on November 29, 2018. *See* Mot. to Suppress Op., ECF No. 58; Mot. to Suppress Order, ECF No. 59. The Court found that Concepcion-Rosario understood both English and Spanish, received his *Miranda* warnings in both languages, and knowingly and intelligently waived his *Miranda* rights. *See* Mot. to Suppress Op. 22.

On November 9, 2018, the Government filed a motion in limine to introduce evidence of Concepcion-Rosario's other crimes pursuant to Federal Rule of Evidence 404(b). *See* ECF No. 41. Concepcion-Rosario filed a response in opposition on November 27, 2018. *See* ECF No. 53. On November 29, 2018, the Court granted the motion in limine in part and permitted the Government to introduce the fact: "On July 24, 2014, the defendant knowingly and intentionally possessed with intent to distribute a controlled substance, cocaine." *See* ECF Nos. 62–63; *see also* Tr. 12/6/2018 at 18:4-6, ECF No. 119 (the introduction of this fact at trial). The Court noted the Government could use the fact "for the purposes of proving [Concepcion-Rosario's] knowledge and intent to control the controlled substance in the charged offense." ECF Nos. 62–63.

On November 28, 2018, the Court held a final pretrial conference. *See* ECF No. 60; *see also* Tr. 11/28/2018, ECF No. 115. At the conference, Concepcion-Rosario requested that new counsel be appointed for him. *See id.* at 3:25–14:15. The Court denied his request on the record at the conference, *see id.* at 13:19-20, 14:14-15, and by Order dated November 29, 2018. *See* ECF No. 61.

**B. Trial**

The Court held a four-day trial in December 2018. *See* Tr. 12/3/2018, ECF No. 116 (the transcript for jury selection); Second Tr. 12/3/2018,[2] ECF No. 117 (the transcript for the first day of trial); Tr. 12/4/2018, ECF No. 118 (the transcript for the second day of trial); Tr. 12/6/2018

---

22 There are two transcripts for the proceedings held on December 3, 2018. The Court denotes the voir dire and jury selection as "Tr. 12/3/2018," and the first day of the trial as "Second Tr. 12/3/2018."

(the transcript for the third day of trial); Partial Tr. 12/6/2018, ECF No. 73[3] (the transcript for Concepcion-Rosario's testimony); Tr. 12/7/2018, ECF No. 120 (the transcript for the fourth day of trial).

At the trial, the Government presented numerous witnesses. *See generally* Tr. 12/4/2018; Tr. 12/6/2018. The Government presented DEA Special Agent Joshua Romig, the lead agent investigating the case. *See* Tr. 12/4/2018 at 36:23–86:20 (Special Agent Romig's direct examination, cross-examination, redirect examination, and recross-examination testimony); 202:21–216:21 (Special Agent Romig's testimony as a recall witness). The Government also called Pennsylvania State Police Trooper Mark Quesada, who interviewed Concepcion-Rosario on the date of his arrest and spoke to him in Spanish, although he acknowledged that Concepcion-Rosario answered in both English and Spanish. *See id.* at 175:14–188:20. In addition, the Government called Pennsylvania State Police Trooper Daniel Reed, who assisted in the drug trafficking investigation and stopped Concepcion-Rosario's vehicle in 2017. *See id.* at 117:13–174:21. The Government called Pennsylvania State Police Trooper Joseph Carlson, who testified that Concepcion-Rosario spoke English to him during his arrest in 2014. *See* Tr. 12/6/2018 at 23:24–28:21. Furthermore, the Government called Jillian Hummer, who was Concepcion-Rosario's parole officer following the 2014 offense, who testified that she had known Concepcion-Rosario before trial in "a professional capacity," that Concepcion-Rosario spoke in English with her during their several meetings, and that he read several documents

---

[3] Concepcion-Rosario's testimony was in a second transcript from December 6, 2018. The Court denotes this testimony as "Partial Tr. 12/6/2018." The general trial transcript is denoted "Tr. 12/6/2018."

which had been in English, even relaying back to her that he understood what she said (in English). *See id.* at 29:9–34:12.[4]

Attorney Clark made an oral motion for a mistrial on December 4, 2018. *See* Tr. 12/4/2018 at 219:1-7. In so doing, he maintained Special Agent Romig "made a statement during the course of his testimony that [Concepcion-Rosario] had a desire to remain silent," and "any comment by a defendant to exercise his right to remain silent in the course of a trial is grounds for a mistrial." *Id.*; *see also id.* at 203:24–204:15 (Special Agent Romig testified that Concepcion-Rosario did not say much to him, besides "they were his drugs, and that he didn't get them from anyone," which Special Agent Romig "interpreted . . . to mean that he didn't want to cooperate any further"). After the Court ordered counsel to submit legal authority, *see* Tr. 12/4/2018 at 219:21–220:1, the parties returned on December 6, 2018, and Attorney Clark testified that he "was incorrect in the statement made by [Special] Agent Romig," which negated "the factual basis for [his] argument[.]" Tr. 12/6/2018 at 3:22–4:11. Attorney Clark then acknowledged that Special Agent Romig's statement that Concepcion-Rosario no longer wanted to cooperate was not the equivalent of saying that Concepcion-Rosario wanted to remain silent, which would have automatically triggered a violation of the Constitution and entitled Concepcion-Rosario to a mistrial. *See id.* at 4:1-7. The Court then denied Attorney Clark's

---

[4] The Government also called other witnesses who are not generally challenged in the 2255 Motion. The Government called Adrianna Elhyani, who worked as a translator for the DEA, *see* Tr. 12/4/2018 at 86:22–96:12; Task Force Officer John Casella, *see id.* at 96:25–107:16; DEA Agent Vasa Faasuamalie, who conducted surveillance on the morning of the offense, *see id.* at 108:1–115:15; DEA chemist Jonathan Duffy, *see id.* at 175:3-6; *see also* Partial Tr. 12/4/2018, ECF No. 72 (the partial transcript of Jonathan Duffy's testimony only); Task Force Officer Damian Murray, who was the co-case agent, *see* Tr. 12/4/2018 at 189:6–202:12; Pennsylvania State Police Trooper William Everett, who stopped a vehicle driven by Concepcion-Rosario in 2014, *see* Tr. 12/6/2018 at 14:10–23:13; and Task Force Officer Scott Errington, *see id.* at 34:19–57:23.

motion for a mistrial. *See id.* at 5:2–7:14 ("These comments do not appear manifestly intended or of such character that the jury would naturally and necessarily interpret them as directed to [Concepcion-Rosario's] invocation of his right to remain silent. I note that there was no testimony that [Concepcion-Rosario] actually invoked his right to remain silent or not to cooperate. [Special] Agent Romig simply testified to his own interpretation of the responses that he did get from [Concepcion-Rosario].").

Attorney Clark moved for a judgment of acquittal on December 6, alleging that the evidence was not sufficient to convict Concepcion-Rosario of the offenses. *See id.* at 73:12–75:25. The Government opposed the motion, alleging that the evidence presented was sufficient to convict Concepcion-Rosario. *See id.* at 76:2-20. The Court denied the motion because there was "sufficient legal evidence" for a jury to "reasonably and in good faith" find Concepcion-Rosario guilty beyond a reasonable doubt. *Id.* at 77:15–78:17.

Also on December 6, Concepcion-Rosario testified in his own defense. *See* Partial Tr. 12/6/2018. After the defense rested, the parties stipulated that the Court would instruct the jury about the role of the interpreter, and how the jury could determine whether Concepcion-Rosario could speak or understand English. *See* Tr. 12/6/2018 at 90:20–91:24. The Court granted the instruction, *see id.* at 91:24-25, and gave the instruction, *see* Tr. 12/7/2018 at 49:18-23. The parties also stipulated at trial that an officer noted in his report following Concepcion-Rosario's 2014 traffic stop that he "spoke little English." Tr. 12/6/2018 at 81:16-21; 84:18–85:8.

The jury convicted Concepcion-Rosario of both offenses on December 7, 2018. *See* ECF No. 70; *see also* Tr. 12/7/2018 at 87:10–90:25.

The matter was scheduled for sentencing on September 19, 2022. On that date, however, Concepcion-Rosario advised Attorney Clark that he did not want him to make any arguments on

his behalf because counsel allegedly fell asleep at trial; accordingly, the proceedings turned into a hearing about Attorney Clark's request to withdraw from the case and for this Court to appoint new counsel. *See* ECF No. 105; *see also* Tr. 9/19/2022 at 2:3–3:7, ECF No. 148. The Court granted the motion for Attorney Clark to withdraw and appointed Salvatore Adamo (hereinafter referred to as "Attorney Adamo"), on September 27, 2022, as counsel for sentencing. *See* ECF No. 106. Sentencing was rescheduled for November 2, 2022. *See* ECF No. 107.

The Government's sentencing memorandum noted that, as reflected in the presentence report, Concepcion-Rosario "ha[d] prior felony convictions for a crime of violence and a controlled substance offense: a conviction for murder in the 2nd degree in the Superior Court of Puerto Rico, Humacao (Docket No. HVI 93G0019); and a conviction for possession with intent to deliver a controlled substance in the Chester County Court of Common Pleas (Docket No. CP-15-CR-2628-2014)." Gov't Sent'g Mem. 4, ECF No. 102 (citing PSR ¶ 90). The Government argued that the presentence report correctly applied the career offender enhancement to Concepcion-Rosario based upon U.S.S.G. § 4B1.1(b). *See id.*

In his sentencing memorandum, filed before his withdrawal, Attorney Clark noted his objection to the presentence report's designation of Concepcion-Rosario as a career offender, arguing that, with regard to the previous second-degree murder conviction in Puerto Rico, "Concepcion-Rosario participated in joint criminal conduct which is by definition an inchoate crime." Clark Sent'g Mem. 4–5, ECF No. 104. Attorney Adamo filed his own sentencing memorandum, wherein he also objected to Concepcion-Rosario's classification as a career offender. *See* Adamo Sent'g Mem. 5, ECF No. 109. Attorney Adamo argued that Concepcion-Rosario's second-degree murder conviction in Puerto Rico was not a "crime of violence" under

U.S.S.G. § 4B1.2(a)(1)[5] and his possession with intent to deliver conviction in Pennsylvania was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b).[6] *Id.*

On November 2, 2022, the Court sentenced Concepcion-Rosario to 327 months' imprisonment and supervised release for a term of five years. *See* ECF No. 112; *see also* Tr. 11/2/2022 at 23:4-8, 25:14-18, ECF No. 121 (the sentencing transcript dated November 2, 2022). At the sentencing hearing, the Court applied the career offender enhancement under U.S.S.G. § 4B1.1(b) ("Section 4B1.1"), noting that Concepcion-Rosario's prior conviction for possession with intent to deliver a controlled substance was "a controlled substance offense," and his prior conviction for second degree-murder was a "crime of violence," both of which qualified for the enhancement. Tr. 11/2/2022 at 8:15–11:2.

Concepcion-Rosario appealed his conviction to the Third Circuit, raising the following grounds: (1) the trial court erred in not suppressing evidence; (2) the trial court erred in not granting Concepcion-Rosario's motion for a mistrial based on an alleged Fifth Amendment violation; (3) the trial court erred in not granting Concepcion-Rosario's motion for judgment of

---

5 The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

6 The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense[.]

U.S.S.G. § 4B1.2(b)(1).

acquittal based on alleged insufficient evidence; (4) the trial court erred in admitting Concepcion-Rosario's 2015 drug conviction pursuant to Federal Rules of Evidence 404(b) and 609; and (5) the sentence was procedurally and substantively unreasonable (based upon the application of the career offender enhancement). *See* ECF No. 113; *see also Concepcion-Rosario*, No. 22-3082 at ECF No. 34 (3d Cir.). On May 23, 2024, the Third Circuit affirmed his conviction. *See Concepcion-Rosario*, 2024 WL 2355422, at *1–2. In particular, the Third Circuit wrote about the traffic stop, vehicle search, and Concepcion-Rosario's post-arrest statement:

> The trooper had reasonable suspicion to pull Concepcion-Rosario over because he had violated two traffic laws. [citation omitted] He also had reasonable suspicion to extend the stop because Concepcion-Rosario seemed nervous, had a burner phone, lied about his travel plans, and understated his criminal history. Also, his car smelled overwhelmingly of air freshener, which could mask the smell of drugs. He then consented to the search of his car knowingly and voluntarily. Though he now claims not to understand English, the evidence shows otherwise. Plus, he signed a consent-to-search form in his native language, Spanish. Lastly, he offers no reason to question his *Miranda* waiver. In short, the [C]ourt properly denied his motions to suppress.

*Id.* at *1. The Third Circuit also held that the prosecution did not violate the Fifth Amendment because it did not comment on Concepcion-Rosario's silence. *See id.* Further, the Third Circuit found that "the evidence was more than enough to prove guilt" and that Concepcion-Rosario's 2015 drug conviction was properly admitted pursuant to Federal Rules of Evidence 404(b) and 609. *See id.* at *2. Additionally, the Third Circuit held that the Court properly applied the career offender enhancement to Concepcion-Rosario based upon both the possession with intent to distribute offense and the second-degree murder offense. *See id.* The United States Supreme Court denied Concepcion-Rosario's petition for writ of certiorari on October 7, 2024. *See Concepcion-Rosario v. United States*, 145 S. Ct. 219 (Oct. 7, 2024).

On April 22, 2025, Concepcion-Rosario filed a Motion to Vacate under 28 U.S.C. § 2255 but did not use the Court's standard form. *See* ECF No. 127. The Court ordered the Clerk of

Court to send Concepcion-Rosario a copy of the Court's form 2255 petition on May 1, 2025, *see* ECF No. 130, and then ordered Concepcion-Rosario to return the form within thirty (30) days, which was subsequently extended to August 8, 2025, *see* ECF No. 132.

On or about October 15, 2025,[7] Concepcion-Rosario filed a Motion to Vacate under 28 U.S.C. § 2255 (a "2255 Motion") on the Eastern District's form, where he raised three grounds. *See* 2255 Mot., ECF No. 134. First, he alleged ineffective assistance of counsel at the pre-trial stage, arguing Attorney Clark was ineffective for failure to obtain discovery prior to trial and failure to have any pretrial motions. *See id.* at 6 ¶ 12. He acknowledged that a pre-trial motion was filed but argued that Attorney Clark did not "address whether the initial pre-textual stop was lawful, [and that] the absence of any probable cause is a Fourth Amendment violation." *Id.* Second, he alleged ineffective assistance of counsel for Attorney Clark's and Attorney Adamo's "fail[ure] to properly preserve for the record incorrect challenges to the prior[ offense]s used to [adjudicate Concepcion-Rosario as a] career criminal[.]" *Id.* at 7 ¶ 12 (cleaned up). Allegedly, "the prior[ offense]s relied upon did not properly qualify and should not have been permitted to be argued before the court without proper correction[,]" violating "his Due Process Rights." *Id.* Third, he alleged "ineffective assistance of counsel at the trial stage for failure to properly pursue the mistrial strategy." *Id.* at 9 ¶ 12 (cleaned up). He maintained that "Counsel [Attorney Clark] stated on the record that there should be a mistrial and the judge advised that it should be placed in writing, then counsel abandon[ed Concepcion-Rosario] and failed to present this argument on appeal and thus denied him a fair trial and deprived him of his constitutional right to a fair trial." *Id.* He also alleged that Attorney Clark "did not challenge witness admittance that [Concepcion-

[7] The Motion is dated October 1, 2025. *See* 2255 Mot. 1. Concepcion-Rosario signed that he mailed the Motion on October 3, 2025. *See id.* at 14. Based on the prison mailbox rule, the 2255 Motion is timely.

Rosario] spoke English" and that Attorney Clark "fell asleep at trial." *Id.* (cleaned up). Concepcion-Rosario did not attach any exhibits in support of his 2255 Motion. He sought to vacate his sentence and to schedule a second evidentiary hearing to determine the appropriate guideline range. *See id.* at 14.

The Government filed a Response in Opposition on April 1, 2026. *See* Resp., ECF No. 147. In it, the Government maintained that Concepcion-Rosario could not show that his counsels' performances were deficient on any of the grounds raised, and Concepcion-Rosario was not prejudiced. *See generally id.*

Concepcion-Rosario filed a Reply on or about July 1, 2026 (dated June 17, 2026). *See* Reply, ECF No. 157. He repeated his arguments that counsel were ineffective. *See generally id.* He alleged that Attorney Clark slept during portions of Jillian Hummer's testimony. *See id.* at 8–10.

## III. LEGAL STANDARDS

### A. Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122–123 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–427 (1962) (quoting 28 U.S.C. §

2255(a)). There is a one-year period of limitations to § 2255 motions that runs "from the latest of ... the date on which the judgment of conviction becomes final...." 28 U.S.C. § 2255(f).

**B. Ineffective Assistance of Counsel – Review of Applicable Law**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance "fell below an objective standard of reasonableness"; and (2) the performance was prejudicial to the defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688–694 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance"). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (internal quotations omitted). The court must consider the totality of the evidence, and the burden is on the petitioner. *See Strickland*, 466 U.S. at 687, 695.

## IV. ANALYSIS

Concepcion-Rosario fails to satisfy either the performance or prejudice elements of the *Strickland* test for ineffective assistance of counsel.

**A. Ineffective Assistance of Counsel – Performance Element**

**1. Pretrial Discovery and Motions**

Initially, contrary to Concepcion-Rosario's argument that Attorney Clark (trial counsel) failed to obtain discovery before trial and failed to raise any pretrial motions, *see* 2255 Mot. 6 ¶ 12, Attorney Clark obtained discovery before trial and raised several pretrial motions.

First, the record reflects the Government provided Attorney Clark with pretrial discovery. Attorney Clark specifically mentioned at both the suppression hearing and the final pretrial conference that the Government provided him with discovery related to Concepcion-Rosario's charged conduct and the investigation. *See* Tr. 10/11/2018 at 6:3-6 ("I reviewed the discovery provided by the Government, and it does not appear, based on the information that I can see, that he was on a recording."); 43:24–44:2 ("I have seen the video, so . . . I have – you know, I have an idea what's there, Judge."); *see also* Tr. 11/28/2018 at 11:24–12:6 (Concepcion-Rosario brought videos from the state trooper barracks "to me very early, and I requested the [G]overnment give me additional videos, photographs and documentation, and I think Your Honor has now seen most of that at the suppression hearing. But they advised me that they had no such photographs. They had no such videos at the time of [] state police barracks, and they should have provided to me all the photographic, videos, that evidence they had"). Concepcion-Rosario provides no support for the argument that Attorney Clark did not receive any pretrial discovery from the Government. Thus, he fails to meet his burden to show Attorney Clark's performance was deficient for failing to obtain discovery.

Second, as to pretrial motions, Concepcion-Rosario contradicts himself. He first alleges that Attorney Clark failed to file any pretrial motions, but on the same page notes the "Docket Sheet reflects that all Motions (Pre-Trial) were denied." 2255 Mot. 6 ¶ 12. The record confirms that Attorney Clark filed pretrial motions, specifically a motion to suppress and to deny admission of the Government's tape recordings. *See* ECF No. 33.

To the extent that Concepcion-Rosario argues Attorney Clark failed to "address whether the initial pre-textual stop was lawful, the absence of any probable cause is a Fourth Amendment violation[;] *Terry* Stop wasn't attacked [and] audio wasn't requested[,]" his argument is

meritless. 2255 Mot. 6 ¶ 12; *see also* Reply 3–7 (arguing that Attorney Clark was ineffective for failing to investigate whether the stop was pretextual). As an initial matter, the motion to suppress directly attacked the legality of the *Terry* stop, and the Court considered the argument when denying the motion. *See* Mot. to Suppress 1, 4–5; *see also* Mot. to Suppress Op. 11–19.

Next, Concepcion-Rosario alleges the stop was pretextual because Special Agent Romig testified that he ordered Trooper Reed to pull Concepcion-Rosario over and search the vehicle "no matter what," and that Trooper Reed could "develop [his] own probable cause to search [Concepcion-Rosario's] car so that [Trooper Reed] wouldn't have to mention . . . that DEA told him to stop the car." Tr. 12/4/2018 at 73:7-23. The United States Supreme Court has held a traffic stop may be reasonable where officers have probable cause to believe that the operator of a vehicle violated the traffic code, even if the stop is pretextual and truly intended to investigate another offense. *See Whren v. United States*, 517 U.S. 806, 814, 818–819 (1996); *see also United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006) ("[T]he Supreme Court established a bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime."); *United States v. Ponder*, No. 16-56, 2017 WL 2536370, at *6 (M.D. Pa. June 9, 2017) ("*Whren* clearly states that because a traffic violation occurred, . . . , the trooper's subjective motivations in making a stop are irrelevant."). Accordingly, even if the vehicle stop were pretextual and the officers intended to investigate Concepcion-Rosario for the narcotics offenses, a challenge based on pretext would be without merit if Trooper Reed had reasonable suspicion to stop Concepcion-Rosario. Attorney Clark did challenge the legality of the stop. Thus, Attorney Clark's performance was not deficient.

To the extent Concepcion-Rosario alleges that Attorney Clark's performance was deficient because the Court denied the motion to suppress, *see* 2255 Mot. 6 ¶ 12, his argument

fails. That the Court ultimately denied the motion to suppress is not evidence of Attorney Clark's deficient performance. *See Bonner v. United States*, No. 10-354, 2010 WL 3419437, at *4 (W.D. Pa. Aug. 26, 2010) (finding that defense counsel was effective because "it would have been frivolous for defense counsel to have filed a subsequent motion to suppress challenging the stop as unlawful based on a lack of probable cause [where t]he court of appeals had already addressed the officers' stop and seizure of petitioner and determined that the officers had probable cause, and that the stop and seizure [w]as lawful").

**2. Proper Preservation of the Record**

To the extent that Concepcion-Rosario alleges that Attorneys Clark and Adamo were ineffective because they failed to properly preserve for the record incorrect challenges to the priors used to classify him as a career offender, his argument is without merit. *See* 2255 Motion 7 ¶ 12. Notably, Concepcion-Rosario challenged the Court's application of the career offender enhancement on appeal. *See Concepcion-Rosario*, 2024 WL 2355422, at *2. The Third Circuit held that this Court "properly applied the career-offender enhancement [because] Concepcion-Rosario's drug-crime conviction is a controlled substance offense" and "his second-degree murder conviction in Puerto Rico is a crime of violence because it required malice aforethought." *Id.* Since the Third Circuit considered whether the Court properly applied the enhancement, it was properly preserved on appeal. Accordingly, Attorneys Clark and Adamo's performances were not deficient.

**3. Withdrawal of the Oral Motion for a Mistrial**

Concepcion-Rosario's argument that Attorney Clark was ineffective for failing to pursue a mistrial misses the mark. Concepcion-Rosario argues that "[c]ounsel stated on the record that there should be a mistrial and the judge advised that it should be placed in writing, then counsel

abandon[ed Concepcion-Rosario] and failed to present this argument on appeal." 2255 Mot. 9 ¶ 12.

That Attorney Clark later learned he did not have the factual basis to argue for a mistrial is not evidence of deficient performance. Rather, Attorney Clark did not file a motion that he knew would not be based in fact, *see* Tr. 12/6/2018 at 3:22–4:11, and the Court denied the motion because it found that the comments did not relate to Concepcion-Rosario's right to remain silent, *see id.* at 5:2–7:14. Attorney Clark's performance was therefore not deficient, because "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *see also Butler v. Walsh*, No. 11-2355, 2012 WL 5996984, at *14 (E.D. Pa. July 19, 2012) ("Petitioner's trial counsel was not ineffective for failing to object or move for a mistrial based upon a meritless claim" in a habeas petition pursuant to 28 U.S.C. 2254), *R. & R. adopted by* 2012 WL 5996987 (E.D. Pa. Nov. 30, 2012); *see also Alexander v. United States*, No. 14-240-1, 2019 WL 4273863, at *6 (M.D. Pa. Sept. 10, 2019) (finding that counsel was not ineffective for failing to move for a mistrial in a 2255 motion when the jury initially appeared to be deadlocked, but then continued deliberations).

Beyond Attorney Clark's comments that he did not have a factual basis to pursue a mistrial, the Third Circuit held, in affirming Concepcion-Rosario's conviction, "the prosecution never manifestly inten[ded] to comment on [Concepcion-Rosario's] silence, nor would the jury naturally and necessarily have taken it that way." *Concepcion-Rosario*, 2024 WL 2355422, at *1. The Third Circuit also found no abuse of discretion in the Court's denial of the motion for a mistrial. *See id.* Also, the Third Circuit acknowledged there was no Fifth Amendment violation arising from Special Agent Romig's testimony. *See id.* Thus, Attorney Clark's performance was not deficient for failing to make another motion for a mistrial.

**4. Sleeping During Trial**

Concepcion-Rosario fails to support his assertion that Attorney Clark slept during Hummer's testimony, or any other portion of trial, and the record is devoid of such a showing. *See* 2255 Mot. 9 ¶ 12. Rather, the record reflects that Attorney Clark was actively engaged throughout the trial and during pretrial stages. *See generally* Tr. 10/11/2018; Tr. 11/28/2018; Tr. 12/3/2018; Second Tr. 12/3/2018; Tr. 12/4/2018; Tr. 12/6/2018; Partial Tr. 12/6/2016; Tr. 12/7/2018; Tr. 11/2/2022. To the extent Concepcion-Rosario maintains Attorney Clark specifically slept during Hummer's testimony, the record shows Attorney Clark cross-examined Hummer about whether Concepcion-Rosario understood reviewing documents in English with her. *See* Tr. 12/6/2018 at 32:10–34:5. In addition, the Court presided over trial and specifically finds that Attorney Clark *did not sleep* during trial. Thus, Concepcion-Rosario's claim for ineffective assistance based upon Attorney Clark sleeping during Hummer's testimony is meritless and Attorney Clark's performance was not deficient. *See United States v. Best*, No. 13-195, 2018 WL 3707426, at *12 (W.D. Pa. Aug. 3, 2018), *aff'd*, 831 F. App'x 610 (3d Cir. 2020) (noting that the defendant did failed to show, beyond making general allegations, that counsel fell asleep during trial).

**5. Challenging Witnesses**

Also, Concepcion-Rosario's allegation that Attorney Clark did not challenge witnesses who alleged that Concepcion-Rosario spoke English lacks merit. *See* 2255 Mot. 9 ¶ 12. Instead, the record shows that Attorney Clark cross-examined each witness who testified that Concepcion-Rosario spoke English. *See* Tr. 12/4/2018 at 154:25–157:6 (Attorney Clark's cross-examination of Trooper Reed about whether Concepcion-Rosario spoke fluent English, featuring Trooper Reed's acknowledgment that Concepcion-Rosario refused to speak English at the police

barracks after the troopers arrested him); *see also id.* at 183:16–188:16 (Attorney Clark's cross-examination of Trooper Quesada about whether Concepcion-Rosario understood the questions asked of him in English, although Trooper Quesada communicated with Concepcion-Rosario in Spanish at the barracks); *see* Tr. 12/6/2018 at 26:11–27:6 (Attorney Clark's cross-examination of Trooper Carlson regarding whether he had any difficulty communicating with Concepcion-Rosario in English during the latter's 2014 arrest); *see id.* at 32:10–34:4 (Attorney Clark's cross-examination of Jillian Hummer, Concepcion-Rosario's parole officer, about whether Concepcion-Rosario understood the parole forms that were in English); *see also id.* at 30:24–31:5 (Hummer's direct examination testimony that she had Concepcion-Rosario review his parole documents in English). The Court also instructed the jury about the role of the interpreter, after Attorney Clark requested the instruction. *See* Tr. 12/7/2018 at 49:18-23.

Taken together, the record shows Attorney Clark repeatedly challenged witnesses about Concepcion-Rosario's understanding of English. He even requested a jury instruction (unopposed by Government counsel) about Concepcion-Rosario's understanding of English, which the Court granted. Thus, there is no basis for Concepcion-Rosario's claim that Attorney Clark failed to challenge witnesses about Concepcion-Rosario's understanding of English. *See, e.g.*, *United States v. Morris*, No. 05-613, 2010 WL 4751678, at *5 (E.D. Pa. Nov. 23, 2010) ("Because her attorney did challenge the credibility of witnesses, . . ., counsel cannot be found ineffective. Ms. Morris's counsel ineffectiveness claim for failing to challenge the credibility of the witnesses is meritless."); *Mohabir v. United States*, No. 14-555, 2014 WL 7014504, at *6 (M.D. Pa. Dec. 11, 2014) ("Petitioner's counsel engaged in an extensive and effective cross-examination . . . . Petitioner's assertion that his counsel did not attempt to impeach [the witness] is belied by the record" and finding that "his ineffective assistance of counsel claim cannot

succeed"); *United States v. Hilts*, No. 11-133, 2018 WL 1960948, at *2 (W.D. Pa. Apr. 26, 2018) (finding that counsel was not ineffective when "counsel did in fact raise many of the challenges that Defendant now argues were lacking").

In sum, Concepcion-Rosario fails to establish that either Attorney Clark's or Attorney Adamo's performances were deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

**B. Ineffective Assistance of Counsel – Prejudice Element**

Because Concepcion-Rosario fails to meet his burden to show his counsels' performances were deficient, the Court need not consider whether counsels' performances prejudiced Concepcion-Rosario. *See Strickland*, 466 U.S. at 697 ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). Since Concepcion-Rosario fails to meet the performance element, he necessarily fails to meet the prejudice element of the *Strickland* test. *See United States v. Henry*, No. 96-191, 2020 WL 3415378, at *7 (M.D. Pa. June 22, 2020) (considering a motion under 28 U.S.C. § 1651(a) for ineffective assistance of counsel and noting that "[b]ecause Defendant cannot prove that his counsel's performance was deficient, Defendant will not be able to prove that his counsel's performance prejudiced him").

Regardless, for the reasons discussed above, there was no prejudice. Specifically, the Court denied the pretrial motions and instructed the jury about Concepcion-Rosario's understanding of English. On appeal, the Third Circuit held that (1) the traffic stop, vehicle search, and post-arrest statement were lawful; (2) the prosecution did not violate the Fifth

Amendment because the prosecution did not intentionally comment on Concepcion-Rosario's silence; and (3) the Court properly applied the career-offender enhancement based upon Concepcion-Rosario's drug-crime and second-degree murder convictions. *See Concepcion-Rosario*, 2024 WL 2355422, at *1–2. Additionally, even if Attorney Clark had slept during Hummer's testimony, this was not a "substantial" or "critical" portion of the trial such that the Court could presume prejudice under *Cronic*. *United States v. Cronic*, 466 U.S. 648, 658–659 (1984) (holding that there are circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" and prejudice is presumed, with the "[m]ost obvious" of these being "the complete denial of counsel"); *United States v. Massimino*, 389 F. Supp. 3d 357, 373 (E.D. Pa. 2019), *aff'd*, 827 F. App'x 176, 179 (3d Cir. 2020) ("Several circuits that have considered this issue have rejected a *per se* approach, instead requiring for ineffectiveness to be shown that defense counsel was asleep at a critical time or pervasively through trial.") (citation omitted); *United States v. Buckman*, No. 14-540, 2017 WL 3337154, at *5 (E.D. Pa. Aug. 4, 2017) ("There is no evidence in this record to support a finding that Buckman's trial counsel was asleep during a substantial portion of trial, let alone during any portion of trial."). At most, Hummer's testimony only spanned five pages of the trial transcript. *See* 12/6/2018 Tr. at 29:9–34:12. Additionally, although Hummer's testimony addressed whether Concepcion-Rosario understood English, Troopers Carlson, Reed, and Quesada also discussed how Concepcion-Rosario spoke English. Attorney Clark cross-examined all three Troopers, during which there is no claim that Attorney Clark was not attentive. *See Best*, 831 F. App'x at 613 ("Best's jury trial lasted from March 31 to April 10, 2014. It included the presentation of 32 government witnesses, many with first-hand knowledge of Best's conduct, 28 of whom [his attorney] cross-examined. Feltner, the only person whose testimony Best specifically claims [his

attorney] slept through, was only one such witness. Even assuming that lapse, such limited inattention is not 'tantamount to no counsel at all.'"). Concepcion-Rosario cannot show prejudice on any of his ineffective assistance of counsel grounds.

The Court denies Concepcion-Rosario's 2255 Motion.

### C. Certificate of Appealability

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* For the reasons set forth herein, Concepcion-Rosario has not shown that jurists of reason would find the Court's assessment of his claims to be debatable or wrong.

## V. CONCLUSION

For the foregoing reasons, the Court denies Concepcion-Rosario's 2255 Motion in full.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge